UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION _____ This Document Relates To:     All Cases | * * *   MDL No. 17-md-2768-IT * * * * * |

Amended MDL Order No. 1
(General Provisions)

January 19, 2017

TALWANI, D.J.

1.      This Order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to its order of April 5, 2017, in MDL No. 2768,[1] and any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this court. This court will decide the applicability of this Order to any case filed in the District of Massachusetts as a related case on motion of any party in any such case.

2.      The actions subject to this Order are coordinated for pretrial purposes. All pleadings and other papers in each of the coordinated actions shall be filed in the District of Massachusetts as detailed below, and not with the transferor court.

---

[1] In the Transfer Order, the Judicial Panel on Multidistrict Litigation ordered the change of the caption of the multidistrict litigation from "In re: Stryker Orthopaedics LFIT V40 Femoral Head Products Liability Litigation" to "In re: Stryker LFIT V40 Femoral Head Products Liability Litigation." Transfer Order [#2], at 3.

3.      An MDL master file and docket has been established under Docket No. 17-md-2768-IT. Each action transferred to this court will also be assigned a new District of Massachusetts civil action number.

4.      Short form complaints and service of process must be filed in the individual docket, but do not need to be filed in the Master Docket. Short form complaints and other documents filed in the individual case shall include the individual case number and the following caption:

**IN RE: STRYKER LFIT V40 FEMORAL**        *
**HEAD PRODUCTS LIABILITY LITIGATION**     *
_____  *        **MDL No. 17-md-2768-IT**
                                           *
**This Document Relates To:**              *        **[Individual Case Number]**
                                           *
**PLAINTIFF NAME(S),**                     *
                                           *
            **Plaintiff(s)**               *
                                           *
    **v.**                                 *
                                           *
**HOWMEDICA OSTEONICS CORP.,**             *
                                           *
            **Defendant.**                 *

5.      Counsel shall file pleadings and other papers which concern the entire MDL in the Master Docket and need not file them in the individual docket. The caption of these pleadings and other papers shall include the MDL docket number and the following caption:

**IN RE: STRYKER LFIT V40 FEMORAL**        *
**HEAD PRODUCTS LIABILITY LITIGATION**     *
_____  *        **MDL No. 17-md-2768-IT**
                                           *
**This Document Relates To:**              *
                                           *
    **All Cases**                          *
                                           *

6.      Counsel shall file the following documents in both the individual docket as well as the Master docket:

- Any dispositive motion in an individual case, whether stipulated or otherwise;
- Any motion to exclude an expert witness and any order regarding the same;
- Notice of Appearance or Motion to Withdraw as an Attorney

7.      Counsel shall provide courtesy copies to the District Court Clerk's Office only as required in this court's <u>Standing Order Regarding Motion Practice</u>.

8.      This Order shall be filed and docketed on the Master Docket and the docket of each of the individual cases coordinated under the Master Docket Number, at present and hereafter.

9.      Any orders, other than orders setting deadlines previously entered by this or any transferor District Court, shall remain in full force and effect unless modified by this court upon motion.

IT IS SO ORDERED.


Date: January 19, 2017                    /s/ Indira Talwani_____
                                          United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD     *
PRODUCTS LIABILITY LITIGATION     *
_____ *     MDL No. 17-md-2768-IT
    *
This Document Relates To:     *
    *
      All Cases     *
    *

CORRECTED MDL Order No. 2
(Suspending Deadlines & Staying Responsive Pleadings)

April 25, 2017

TALWANI, D.J.

      1.      In the interests of judicial economy, all deadlines established prior to transfer of these actions are suspended, and all deadlines to file responsive pleadings are stayed in all coordinated actions before this court in this multidistrict proceeding pending further order of this court.

      2.      This order does not alter any mediation deadlines or dates set by a Magistrate Judge for this District to whom a case has been referred for Alternative Dispute Resolution.

      IT IS SO ORDERED.

/s/ Indira Talwani_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD   \*
PRODUCTS LIABILITY LITIGATION   \*
_____  \*    MDL No. 17-md-2768-IT
  \*
This Document Relates To:   \*
  \*
    All Cases   \*
  \*

Amended MDL Order No. 3
(Concerning Appearances of Counsel,
Including Appearances of Counsel Seeking to Directly File Actions)

October 23, 2017

TALWANI, D.J.

    1.     Counsel shall familiarize themselves with this District's CM/ECF policies and procedures and shall register electronically for an account on the District's CM/ECF system using the ECF Registration Form available on the court's website. In the MDL Attorney field on the ECF Registration Form, counsel shall note both the master MDL case number and the individual Massachusetts civil action number for each of the actions consolidated in this MDL in which he or she represents a party.

    2.     All counsel appearing in this MDL, including counsel admitted *pro hac vice* in accordance with Paragraph 4, shall file a Notice of MDL Appearance in each civil action in which he or she represents a party and in the master MDL file.

    3.     Counsel who filed an appearance in an individual case transferred to this court and who are duly admitted to practice before any United States District Court may appear in this matter without the filing and allowance of a motion to appear *pro hac vice*.

4. Counsel who do not have permission to appear pursuant to Paragraph 3 and are not admitted to practice in the District of Massachusetts, but who seek to direct file a case in this District as part of the MDL, must comply with the following procedures:

a. The attorney shall prepare a certification of good standing pursuant to Local Rule 83.5.3(e)(3), and shall forward that certificate and the fee for the motion for leave to appear *pro hac vice* to Plaintiffs' Administrative Counsel for filing;

b. Upon receipt of such certificate and fees, Plaintiffs' Administrative Counsel shall file on the master MDL docket a motion for the attorney's admission *pro hac vice* and shall attach the prepared certificate. Plaintiffs' Administrative Counsel need not personally attest to the attorney's good standing in her motion.

c. An attorney who is admitted *pro hac vice* shall register electronically for an account on the District's CM/ECF system in accordance with Paragraph 1.

5. No parties in any of the transferred or directly filed actions shall be required to obtain local counsel in this District.

6. Any attorney who appears in this matter in accordance with this Order shall be subject to the Local Rules of this court, including its attorney discipline rules.

IT IS SO ORDERED.


Date: October 23, 2017                         /s/ Indira Talwani
                                               United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD | * | |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | MDL No. 17-md-2768-IT |
| | * | |
| This Document Relates To: | * | |
| | * | |
| All Cases | * | |
| | * | |

MDL Order No. 4

April 19, 2017

TALWANI, D.J.

Counsel in the coordinated actions are directed not to correspond directly with the court regarding appointment as Lead Counsel or Liaison Counsel. Appointments to such positions will be made after the Initial Status Conference and pursuant to a process to be established by the court. Counsel may file requests, notices or other communication with the court on the MDL and related case dockets, as appropriate, after filing notices of appearance in accordance with the court's MDL Order No 1 [#3] and MDL Order No. 3 [#5].

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


IN RE: STRYKER LFIT V40 FEMORAL HEAD    \*
PRODUCTS LIABILITY LITIGATION    \*
_____ \*    MDL No. 17-md-2768-IT
   \*
This Document Relates To:    \*
   \*
   All Cases    \*
   \*


<u>MDL Order No. 5</u>
(Initial Status Conference)

April 21, 2017

TALWANI, D.J.

1.      The clerk shall set an initial status conference for May 16, 2017, at 3:00 PM.

2.      In advance of the initial status conference, counsel in each of the coordinated

actions shall file a status report identifying any pending motions, including motions to remand or

dismiss, and identifying the state or states whose laws may govern the action in whole or part.

3.      The court anticipates the agenda for the initial status conference to include:

     a.      Discussion of a leadership structure for the plaintiffs to promote the

effective management of the litigation. Counsel shall be prepared to identify case-

specific issues that may inform the appropriate structure.

     b.      Discussion of potential objectives for the MDL proceeding, including: the

elimination of duplicative discovery; avoiding conflicting rulings and schedules

among courts; reducing litigation costs; saving the time and effort of the parties,

attorneys, witnesses, and courts; streamlining key issues; and moving cases

toward resolution (by trial, motion practice, or settlement). Counsel shall be

prepared to identify any other or different objectives, and to discuss priorities for these objectives for the court's formulation of a management plan.

c.      Scheduling of monthly status conferences.

d.      Other matters that counsel seek to have addressed in advance of the court's appointment of a leadership team for the plaintiffs. Counsel seeking to raise such additional matters should file a notice setting forth such matters on the MDL docket by the close of business on May 12, 2017.

4.      Counsel who intend to seek a leadership position shall attend the initial status conference in person. Counsel not seeking leadership positions may attend in person or by telephone. A separate order will govern the attendance and participation of counsel by telephone. Attendance by each party or attorney is not required and parties with similar interests may be represented at the conference by a single attorney.

5.      All counsel who intend to attend (in person or by telephone) shall file a Notice of MDL Appearance as directed in <u>MDL Order No. 3</u> [#5] in advance of the initial status conference.

IT IS SO ORDERED.


Date: April 21, 2017                          /s/ Indira Talwani
                                              United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD        *
PRODUCTS LIABILITY LITIGATION               *
_____     *        MDL No. 17-md-2768-IT
                                            *
This Document Relates To:                   *
                                            *
        All Cases                           *
                                            *

MDL Order No. 6
(Attendance and Participation of Counsel by Telephone)

May 1, 2017

TALWANI, D.J.

        This order is intended to govern the attendance and participation of counsel by telephone

in any court proceedings in this matter.

        1.      Only counsel who have filed a Notice of MDL Appearance on the master MDL

docket 17-md-2768, as required in paragraph 2 of MDL Order No. 3 (Concerning Appearances

of Counsel) [17-md-2768, #5], may participate by telephone in a court proceeding in this matter.

        2.      The court shall host the conference line for the initial status conference on May

16, 2017, at 3:00 PM. Counsel who wish to attend the initial status conference by telephone

should notify the courtroom clerk reasonably in advance of the proceeding. There are a limited

number of lines available for dial-in access. Counsel are encouraged to dial into the call early to

secure a line.

        3.      Counsel attending by telephone will not be permitted to speak during the

proceeding unless called upon or recognized by the court. Counsel who wish to address a

particular issue by telephone should endeavor to notify the court in writing reasonably in

advance of the proceeding, so that the court can recognize counsel at an appropriate time.

4.      Counsel attending by telephone shall minimize background noise and other interference during the call. Counsel should normally mute their telephones, so that they can hearing the proceeding but other participants will not hear any unwanted noise or interference. Counsel shall not place the call on hold once connected to the conference line.

5.      Once Plaintiffs' Lead Counsel is appointed, Plaintiffs' Lead Counsel shall host the conference line for any court proceedings in this matter. Counsel who wish to attend by telephone shall notify Plaintiffs' Lead Counsel reasonably in advance of the proceeding. Plaintiff's Lead Counsel shall prepare and submit to the court a list of counsel appearing by telephone at or reasonably in advance of the proceeding.

IT IS SO ORDERED.


Date: May 1, 2017                                    /s/ Indira Talwani_____
                                                     United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD        *
PRODUCTS LIABILITY LITIGATION               *
_____ *       MDL No. 17-md-2768-IT
                                            *
This Document Relates To:                   *
                                            *
      All Cases                             *
                                            *

MDL Order No. 7
(Attendance and Participation of Counsel at Initial Status Conference)

May 10, 2017

TALWANI, D.J.

        This order supplements MDL Order No. 5 (Initial Status Conference) [17-md-2768, #11]

and MDL Order No. 6 (Attendance and Participation of Counsel by Telephone) [17-md-2768,

#15] as to the initial status conference set for **May 16, 2017, at 3:00 p.m.** in Courtroom 9.

        1.      Counsel who intend to participate in person, or who intend to attend or participate

by phone, shall have a Notice of MDL Appearance filed on the master MDL docket 17-md-2768,

as required in paragraph 2 of MDL Order No. 3 (Concerning Appearances of Counsel) [17-md-

2768, #5] **no later than 4:00 p.m. on May 15, 2017**.

        2.      Counsel who have filed a Notice of MDL Appearance who wish to attend the

initial status conference by telephone should e-mail the courtroom clerk at

gail_macdonald@mad.uscourts.gov or the docket clerk at carolina_dasilva@mad.uscourts.gov

**no later than 4:00 p.m. on May 15, 2017** for a call-in number and access code.

        **3.**     Counsel in a civil action subject to a Conditional Transfer Order in MDL No.

2768 that has not yet become final, or in a civil action that is the subject of a pending Notice of

Potential Tag-Along Action filed in MDL No. 2768, who seek to participate at the Initial Status

Conference in person, or to attend or participate at the Initial Status Conference by phone, may manually file with the clerk for filing on the master MDL docket 17-md-2768 a motion seeking leave to participate in the status conference as an interested party. Any such motion shall be received by the clerk **no later than 4:00 p.m. on May 15, 2017.**

4.      Counsel who do not have a case that has been coordinated as part of this action or pending before the United States Judicial Panel on Multidistrict Litigation in MDL No. 2768 may observe the initial status conference in person, but will not be provided a call-in number.

5.      Counsel attending by telephone will not be permitted to speak during the proceeding unless called upon or recognized by the court. Counsel who wish to address an issue by telephone should e-mail the courtroom clerk (at gail_macdonald@mad.uscourts.gov) or docket clerk (at Carolina_dasilva@mad.uscourts.gov) **no later than 4:00 p.m. on May 15, 2017** so that the court can recognize counsel at an appropriate time.

6.      Counsel attending by telephone shall minimize background noise and other interference during the call. Counsel should normally mute their telephones, so that they can hear the proceeding but other participants will not hear any unwanted noise or interference. Counsel shall not place the call on hold once connected to the conference line.

IT IS SO ORDERED.


Date: May 10, 2017                          /s/ Indira Talwani
                                            United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


IN RE: STRYKER LFIT V40 FEMORAL HEAD          *
PRODUCTS LIABILITY LITIGATION                 *
                                              *      MDL No. 17-md-2768-IT
_____       *
                                              *
This Document Relates To:                     *
                                              *
         All Cases                            *
                                              *


MDL Order No. 8
(Leadership Structure for Plaintiffs' Counsel)

June 9, 2017

TALWANI, D.J.

        This order sets forth the leadership structure for plaintiffs' counsel in order to organize,

simplify, and streamline the handling of these matters on behalf of all plaintiffs, consistent with

the fair administration of justice. This leadership structure is subject to change by court order.

        1.      <u>Co-Lead Counsel</u> – The court will appoint two attorneys as Co-Lead Counsel.

The responsibilities of Co-Lead Counsel are set forth in paragraph 8 of this order.

        2.      <u>Administrative Counsel</u> – The court will appoint one attorney as Administrative

Counsel. The responsibilities of Administrative Counsel are set forth in paragraph 9 of this order.

        3.      <u>State Liaison Counsel</u> – The court will appoint one attorney as State Liaison

Counsel. The responsibilities of State Liaison Counsel are set forth in paragraph 10 of this order.

        4.      <u>Plaintiffs' Executive Committee</u> – Co-Lead Counsel and Administrative Counsel

will serve on the Plaintiffs' Executive Committee. The court will appoint three (3) additional

attorneys to serve on the Executive Committee. The responsibilities of the Executive Committee

are set forth in paragraph 7 of this order.

5.      Plaintiffs' Steering Committee – The court will appoint up to twelve (12) attorneys to serve on the Plaintiffs' Steering Committee. The responsibilities of the Plaintiffs' Steering Committee are set forth in paragraph 11 of this order.

6.      Changes in Membership – Appointments are personal in nature. Appointments may be changed by the court, on its own with notice to counsel; on motion of any member of the Plaintiff's Executive Committee, Steering Committee, or State Liaison Counsel; or, if necessary to ensure the fair administration of justice, on motion of counsel who has filed a notice of appearance on the master MDL docket and who represents one or more plaintiffs in the coordinated actions.

7.      Responsibilities of the Plaintiffs' Executive Committee – The Plaintiffs' Executive Committee shall be generally responsible for coordinating the activities of plaintiffs' counsel during pretrial proceedings as well as monitoring and ensuring that work conducted by plaintiffs' counsel is reasonably necessary and avoids unnecessary costs and duplication of effort. The Plaintiffs' Executive Committee shall determine (after consultation with the Plaintiffs' Steering Committee and other plaintiffs' counsel as may be appropriate) the position of the plaintiffs on all matters arising during pretrial proceedings. The Plaintiffs' Executive Committee shall have the following specific responsibilities:

   a.  **Discovery**

        i.   To coordinate all pretrial discovery on behalf of, and for the benefit of, plaintiffs in all actions subject to this order;

        ii.  To develop schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs; and

iii. To initiate and conduct, or to delegate to Plaintiffs' Steering Committee members to initiate and conduct, all pretrial discovery on behalf of, and for the benefit of, plaintiffs.

b. **Pre-trial Motions and Hearings**

    i. To coordinate all pretrial motions and hearings on behalf of, and for the benefit of, plaintiffs in all actions subject to this order; and

    ii. To litigate, or to delegate to Plaintiffs' Steering Committee members to litigate, any pretrial motions and hearings that involve matters within the responsibilities of the Plaintiffs' Executive Committee.

c. **Trial**

    i. To coordinate the selection and management of any common issue, "bellwether," and/or "test" case trials; and

    ii. To present, or to delegate to the Plaintiffs' Steering Committee members to present, any common issue, "bellwether," and/or "test" case trials.

d. **Settlement**

    i. To coordinate negotiation and proposed settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion of any case filed in this litigation; and

    ii. To coordinate negotiation of stipulations with defendants concerning this litigation, subject where appropriate to the objections of individual counsel and/or the approval of the court.

e.  **Meetings**

   i.  To call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the court; and

   ii.  To initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings.

f.  **Miscellaneous**

   i.  To perform any task necessary and proper to accomplish the Plaintiffs' Executive Committee responsibilities, including organizing subcommittees or workgroups comprised of plaintiffs' counsel and assigning them tasks consistent with the duties of the Plaintiffs' Executive Committee;

   ii.  To designate counsel of record to perform legal services for the common benefit of plaintiffs;

   iii.  To prepare adequate and reasonable time and disbursement records where appropriate; and

   iv.  To perform such other functions as may be expressly authorized by further orders of this court.

8.  <u>Responsibilities of Co-Lead Counsel</u> – Co-Lead Counsel shall have the following additional responsibilities:

   a.  To chair meetings of the Plaintiff's Executive Committee and Plaintiffs' Steering Committee, for any appropriate purpose, including coordinating responses to questions of other parties or of the court;

b. To present, after consultation with the Plaintiffs' Executive Committee, Plaintiffs Steering Committee or other counsel as may be appropriate (in briefs, oral argument, or as otherwise appropriate), personally or by a designee, the position of the plaintiffs on all matters arising during pretrial proceedings;

c. To delegate specific tasks to other counsel to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

d. To prepare and distribute to the parties periodic status reports, as appropriate;

e. To ensure the preparation by the Plaintiffs' Executive Committee and Plaintiffs' Steering Committee members of adequate and reasonable time and disbursement records where appropriate; and

f. To ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive.

9. <u>Responsibilities of Administrative Counsel</u> – Administrative Counsel shall have the following additional responsibilities:

a. To maintain an up-to-date, comprehensive service list of plaintiffs' counsel in this MDL proceeding and promptly advise the court of any changes;

b. To receive and distribute to plaintiffs' counsel, as appropriate, correspondence and pleadings not filed through CM/ECF;

c. To maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings served but not filed in this MDL proceeding;

d. To maintain adequate files of all discovery and pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel; and

e. To participate in any group settlement discussions.

10. <u>Responsibilities of State Liaison Counsel</u> – State Liaison Counsel shall have the following additional responsibilities:

a. Where practicable, to communicate and coordinate discovery and litigation efforts with counsel in related state-court litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning;

b. To provide information about related state-court proceedings to the court and counsel;

c. To assist in providing access to participating state-court counsel to any common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the court;

d. To assist the Plaintiffs' Executive Committee in coordinating the efforts of counsel in related pending cases, whether part of this MDL proceeding or not; and

e.  Otherwise to organize, simplify, and streamline the handling of the related matters on behalf of all plaintiffs in this MDL, consistent with the fair administration of justice.

11.  <u>Responsibilities of Plaintiffs' Steering Committee</u> – The Plaintiffs' Steering Committee shall have the following specific responsibilities:

a.  To participate in work to advance the litigation, assigned and performed under the direction of the Plaintiffs' Executive Committee;

b.  To meet and confer with the Plaintiffs' Executive Committee to provide advice regarding any matter, as may be requested from time to time by the Plaintiffs' Executive Committee; and

c.  To prepare adequate and reasonable time and disbursement records where appropriate.

12.  <u>Privileged Communications</u> – Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

IT IS SO ORDERED.


Date: June 9, 2017                              /s/ Indira Talwani
                                                United States District Judge

IN RE: STRYKER LFIT V40 FEMORAL HEAD     *
PRODUCTS LIABILITY LITIGATION     *
_____     *     MDL No. 17-md-2768-IT
    *
This Document Relates To:     *
    *
    All Cases     *
    *

MDL Order No. 9

(Nominations and Applications for Leadership Positions for Plaintiffs' Counsel)

June 9, 2017

TALWANI, D.J.

     This order sets forth the nomination and application process for positions described in

MDL Order No. 8 (Leadership Structure for Plaintiffs' Counsel) [#156].

     1.    Leadership Nominations – Plaintiffs' counsel are encouraged to seek consensus

on nominations for individual counsel to fill the leadership positions, and agreed-upon

nominations will be accorded significant weight in the court's selection. All nominees shall be

counsel of record in one or more of the coordinated actions and shall have a notice of appearance

filed on the master MDL docket. Criteria for selection include: (1) the willingness and ability to

commit to a time-consuming process; (2) a commitment to the fair representation of the interests

of the Plaintiffs in the coordinated actions; (3) the ability to work cooperatively with others;

(4) professional experience with this type of litigation; and (5) access to sufficient resources to

advance the litigation in a timely manner. Nominations shall be filed on the master MDL docket

no later than June 16, 2017.

     2.    Leadership Applications – Each counsel nominated for a leadership position(s)

who wishes to be considered for that position(s) shall submit an application identifying the

position(s) for which the applicant has been nominated, and including the applicant's resume or curriculum vitae, educational background, licensing status, the applicant's certification that he or she is in good standing in each jurisdiction in which he or she has been admitted to practice, a short list of relevant experience with cases in similar areas, and for at least one such case, the name and contact information of co-counsel and opposing counsel, and the name of the judge presiding over the case. Applications should also identify each of the coordinated actions in which he or she is counsel of record, and shall set forth attorney fee proposals, rates, and percentages that applicants expect to seek if the litigation succeeds in creating a common fund. Applications should not be filed on the docket, but instead should be submitted no later than June 23, 2017, by e-mail to the courtroom clerk at gail_macdonald@mad.uscourts.gov.

   IT IS SO ORDERED.


Date: June 9, 2017                                    /s/ Indira Talwani
                                                      United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD   *
PRODUCTS LIABILITY LITIGATION   *
  *    MDL No. 17-md-2768-IT
_____   *
  *
This Document Relates To:   *
  *
  All Cases   *
  *

MDL Order No. 10
(June 29, 2017, Status Conference)

June 28, 2017

TALWANI, D.J.

The court's agenda for the June 29, 2017, status conference is as follows:

1.     Plaintiffs' Counsel Leadership: court update on application status and timetable for decisions on leadership selections; further discussion of leadership structure.

2.     State Court Proceedings: discussion of coordination with state cases, including New Jersey multi-county litigation, and common protective orders.

3.     Timetable for development of case management plan.

4.     Pending Motions: counsel report as to any additional anticipated motions to remand; set hearing date on three pending motions to remand.

5.     Other matters that counsel seek to have addressed. Counsel seeking to raise additional matters should file a notice setting such matters on the MDL docket by noon on June 29, 2017.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD     *
PRODUCTS LIABILITY LITIGATION     *
_____     *     MDL No. 17-md-2768-IT
    *
This Document Relates To:     *
    *
      All Cases     *
    *

MDL Order No. 11
(Revised Leadership Structure for & Appointments of Plaintiffs' Counsel)

June 30, 2017

TALWANI, D.J.

      After review of the Plaintiffs' Agreed Nomination for Leadership Structure [#164] and the individual attorney applications for nominated positions, and after further consideration, the court has revised the leadership structure for plaintiffs' counsel, and makes the following appointments. This leadership structure and the appointments made are subject to change by court order.

      1.     Co-Lead Counsel – The court appoints Peter J. Flowers of Meyers & Flowers, LLC, and Walter Kelley of Kelley Bernheim & Dolinsky, LLC, as Co-Lead Counsel. The responsibilities of Co-Lead Counsel are set forth in paragraph 8 of this order.

      2.     Administrative Counsel – The court appoints Ashleigh Raso of Meshbesher & Spence, as Administrative Counsel. The revised responsibilities of Administrative Counsel are set forth in paragraph 9 of this order.

      3.     State Liaison Counsel – The court appoints Ellen Relkin of Weitz & Luxenberg, P.C., as State Liaison Counsel. The revised responsibilities of State Liaison Counsel are set forth in paragraph 10 of this order.

4. <u>Plaintiffs' Executive Committee</u> – Co-Lead Counsel and State Liaison Counsel will serve on the Plaintiffs' Executive Committee. The court also appoints Joseph Osborne of Osborne & Associates Law Firm P.A., C. Calvin Warriner, III, of Searcy Denney Scarola Barnhart & Shipley, PA, and Michael J. Blakely, Jr., of Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C., to serve on the Executive Committee. The responsibilities of the Executive Committee are set forth in paragraph 7 of this order.

5. <u>Plaintiffs' Steering Committee</u> – Administrative Counsel will serve on the Plaintiffs' Steering Committee. The court also appoints the following attorneys to serve on the Plaintiffs' Steering Committee:

 a. Annesley H. DeGaris of DeGaris & Rogers, LLC;

 b. Brian Devine of Seeger Salvas & Devine LLP;

 c. Mark A. DiCello of DiCello, Levitt and Casey, LLC;

 d. Wendy Fleishman of Lieff Cabraser Heimann & Bernstein, LLP;

 e. M. Elizabeth Graham of Grant & Eisenhofer, P.A.;

 f. Jason P. Johnston of Zimmerman Reed LLP;

 g. William A. Kershaw of Kershaw, Cook & Talley, PC;

 h. Brian L. Kinsley of Crumley Roberts, LLP;

 i. Willard J. Moody, Jr., of The Moody Law Firm, Inc.; and

 j. Richard R. Schlueter of Childers, Schlueter & Smith, LLC.

The responsibilities of the Plaintiffs' Steering Committee are set forth in paragraph 11 of this order.

6. <u>Changes in Membership</u> – Appointments are personal in nature. Appointments may be changed by the court, on its own with notice to counsel; on motion of any member of the

Plaintiff's Executive Committee, or Steering Committee; or, if necessary to ensure the fair administration of justice, on motion of counsel who has filed a notice of appearance on the master MDL docket and who represents one or more plaintiffs in the coordinated actions.

7.     Responsibilities of the Plaintiffs' Executive Committee – The Plaintiffs' Executive Committee shall be generally responsible for coordinating the activities of plaintiffs' counsel during pretrial proceedings as well as monitoring and ensuring that work conducted by plaintiffs' counsel is reasonably necessary and avoids unnecessary costs and duplication of effort. The Plaintiffs' Executive Committee shall determine (after consultation with the Plaintiffs' Steering Committee and other plaintiffs' counsel as may be appropriate) the position of the plaintiffs on all matters arising during pretrial proceedings. The Plaintiffs' Executive Committee shall have the following specific responsibilities:

a.   **Discovery**

    i.    To coordinate all pretrial discovery on behalf of, and for the benefit of, plaintiffs in all actions subject to this order;

    ii.   To develop schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs; and

    iii.  To initiate and conduct, or to delegate to Plaintiffs' Steering Committee members to initiate and conduct, all pretrial discovery on behalf of, and for the benefit of, plaintiffs.

b.   **Pre-trial Motions and Hearings**

    i.    To coordinate all pretrial motions and hearings on behalf of, and for the benefit of, plaintiffs in all actions subject to this order; and

    ii.   To litigate, or to delegate to Plaintiffs' Steering Committee members to litigate, any pretrial motions and hearings that involve matters within the responsibilities of the Plaintiffs' Executive Committee.

c.  **Trial**

    i.   To coordinate the selection and management of any common issue, "bellwether," and/or "test" case trials; and

    ii.   To present, or to delegate to the Plaintiffs' Steering Committee members to present, any common issue, "bellwether," and/or "test" case trials.

d.  **Settlement**

    i.   To coordinate negotiation and proposed settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion of any case filed in this litigation; and

    ii.   To coordinate negotiation of stipulations with defendants concerning this litigation, subject where appropriate to the objections of individual counsel and/or the approval of the court.

e.  **Meetings**

    i.   To call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the court; and

    ii.   To initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings.

f. **Miscellaneous**

    i. To perform any task necessary and proper to accomplish the Plaintiffs' Executive Committee responsibilities, including organizing subcommittees or workgroups comprised of plaintiffs' counsel and assigning them tasks consistent with the duties of the Plaintiffs' Executive Committee;

    ii. To designate counsel of record to perform legal services for the common benefit of plaintiffs;

    iii. To prepare adequate and reasonable time and disbursement records where appropriate; and

    iv. To perform such other functions as may be expressly authorized by further orders of this court.

8. <u>Responsibilities of Co-Lead Counsel</u> – Co-Lead Counsel shall have the following additional responsibilities:

a. To chair meetings of the Plaintiff's Executive Committee and Plaintiffs' Steering Committee, for any appropriate purpose, including coordinating responses to questions of other parties or of the court;

b. To present, after consultation with the Plaintiffs' Executive Committee, Plaintiffs Steering Committee or other counsel as may be appropriate (in briefs, oral argument, or as otherwise appropriate), personally or by a designee, the position of the plaintiffs on all matters arising during pretrial proceedings;

c. To delegate specific tasks to other counsel to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

d. To prepare and distribute to the parties periodic status reports, as appropriate;

e. To ensure the preparation by the Plaintiffs' Executive Committee and Plaintiffs' Steering Committee members of adequate and reasonable time and disbursement records where appropriate; and

f. To ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive.

9. <u>Responsibilities of Administrative Counsel</u> – Administrative Counsel shall have the following additional responsibilities:

a. To maintain an up-to-date, comprehensive service list of plaintiffs' counsel in this MDL proceeding and promptly advise the court of any changes;

b. To receive and distribute to plaintiffs' counsel, as appropriate, correspondence and pleadings not filed through CM/ECF;

c. To maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings served but not filed in this MDL proceeding; and

d. To maintain adequate files of all discovery and pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or

virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel.

10. <u>Responsibilities of State Liaison Counsel</u> – State Liaison Counsel shall have the following additional responsibilities:

    a. Where practicable, to communicate and coordinate discovery and litigation efforts with counsel in related state-court litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning;

    b. To provide information about related state-court proceedings to the court and counsel;

    c. To assist in providing access to participating state-court counsel to any common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the court;

    d. To assist in coordinating the efforts of counsel in related pending cases, whether part of this MDL proceeding or not;

    e. To participate in any group settlement discussions; and

    f. Otherwise to organize, simplify, and streamline the handling of the related matters on behalf of all plaintiffs in this MDL, consistent with the fair administration of justice.

11. <u>Responsibilities of Plaintiffs' Steering Committee</u> – The Plaintiffs' Steering Committee shall have the following specific responsibilities:

a. To participate in work to advance the litigation, assigned and performed under the direction of the Plaintiffs' Executive Committee;

b. To meet and confer with the Plaintiffs' Executive Committee to provide advice regarding any matter, as may be requested from time to time by the Plaintiffs' Executive Committee; and

c. To prepare adequate and reasonable time and disbursement records where appropriate.

12.    Privileged Communications – Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

IT IS SO ORDERED.


Date: June 30, 2017                                    /s/ Indira Talwani
                                                       United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: STRYKER LFIT V40 FEMORAL HEAD    *
PRODUCTS LIABILITY LITIGATION    *
_____    *   MDL No. 17-md-2768-IT
   *
This Document Relates To:    *
   *
       All Cases    *
   *

MDL Order No. 12
(August 1, 2017, Status Conference)

July 31, 2017

TALWANI, D.J.

The agenda for the August 1, 2017, status conference is as follows:

1.       Pleadings: Timeline for lifting the stay, resolving without motion practice (if possible) any issues relating to naming of proper Defendant, Plaintiffs' filing a master complaint and short-form complaints, and Defendant(s)'s answer or other response to pleadings.

2.       Discovery: Timeline for initial disclosures under Federal Rule of Civil Procedure 26(a)(1), case questionnaire to parallel New Jersey state court litigation, and Rule 26(f) conference and discovery plan.

3.       Protective Order & ESI Protocol: Counsel's report on proposed protective order and ESI protocol.

4.       Direct Filing Order: Counsel's report on the parties' positions regarding a direct filing order.

5.       Product Day: Counsel's report on the parties' positions as to timing and substance of proposed "Product Day."

6.       Schedule for further Status Conferences.

7.      Other matters that counsel seek to have addressed. Counsel seeking to raise

additional matters should file a notice setting such matters on the MDL docket before 9:00 a.m.

on August 1, 2017.

IT IS SO ORDERED.

Date: July 31, 2017                                    /s/ Indira Talwani
                                                       United States District Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | MDL No. 17-md-2768-IT<br><br>**MDL ORDER NO. 13** |
| This Document Relates to:<br><br>All Cases | **ORDER ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUNDS** |

## I.    SCOPE OF THE ORDER

This Order is entered to provide for the fair and equitable sharing among Plaintiffs and their counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation.

### A.    Governing Principles- The Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), and approved and implemented in the MDL context in, *inter alia, In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

**B.     Application**

Unless otherwise ordered or agreed, this Order applies to: (1) each attorney and their law firm who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the attorney also has cases outside the MDL (filed or unfiled) ("The MDL Plaintiffs' Counsel"); (2) each attorney and their law firm who represents plaintiffs who participate in the Confidential Settlement referenced in this Court's November 2, 2018 Order Aiding Private Settlement (the "Confidential Settlement Counsel"). This Order does not apply to cases resolved prior to the entry of this order.

## II.     PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.     Establishing the Fee and Expense Funds

Archer Systems, L.L.C. ("Archer" or the "Settlement Administrator"), the Settlement Administrator identified in this Court's November 2, 2018 Order Aiding Private Settlement, will receive the Settlement Amount funds from Defendant pursuant to the Confidential Settlement Agreement and will place said funds into a Qualified Settlement Fund. Said Qualified Settlement Fund will have three interest-bearing sub-accounts – the first for the majority of the gross Settlement Amount to be distributed to the claimants through their counsel in accordance with the Confidential Settlement Agreement and as directed by the Settlement Oversight Committee (the "SOC") and the second and third sub-accounts to receive and disburse funds as provided in this Order. One sub-account shall be

2

designated the "V40 Common Benefit Fee Fund" and the other common benefit sub-account shall be designated the "V40 Common Benefit Expense Fund" (the "Funds"). The Common Benefit Expense Fund may be used to pay the ongoing administrative costs billed by the Settlement Administrator following review and approval by the SOC. All other funds will be held subject to the direction and further Order of the Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Order of the Court. These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney, except as directed to be disbursed to a specific person as provided by Order of the Court.

The Settlement Administrator shall keep detailed records of all deposits and withdrawals and prepare tax returns and other tax filings.

### B. Fee and Expense Funds: The Assessment

All cases in which MDL Plaintiffs' Counsel or Confidential Settlement Counsel, as set forth in section I(B), have agreed, for monetary consideration, to settle, compromise, or dismiss their case, with or without trial, or where MDL Plaintiffs' Counsel or Confidential Settlement Counsel recover a judgment for monetary damages or other monetary relief with respect to products liability claims directly involving allegations of a defect in an LFIT V40 Cobalt Chromium Femoral Head are subject to an assessment of the "Gross Monetary Recovery" as set forth below.

3

## 1. Gross Monetary Recovery

"Gross Monetary Recovery" includes any and all amounts paid by Defendant as settlement or judgment. In measuring the Gross Monetary Recovery, the parties are to include: (a) the cost to Defendant to provide any fixed and certain payments to be made in the future; (b) the fair market value of and/or costs to Defendant for any other relief provided by Defendant; and (c) any payments that were made, or in the future are to be made, by Defendant on an intervention asserted by third-parties, such as physicians, hospitals, or other healthcare providers in subrogation related to treatment of the specific Plaintiff, unless said payments were made by Defendant and no attorney fees were received by Plaintiffs' counsel for that payment.

## 2. Assessment Amount

The assessment amount shall be four percent (4%) for common benefit attorney fees and two percent (2%) for common benefit costs from the date of entry of this order (hereinafter collectively referred to as the "Assessment").

The common benefit attorney fees have no effect on the amount the client shall receive as they are always deducted from the private attorney's contingent fee. Conversely, the common benefit costs shall always be deducted from the client's settlement proceeds.

## 3. Payment of the Assessment

For cases included in the Confidential Settlement, Defendant will deposit the gross Settlement Amount funds with the Settlement Administrator pursuant to the terms of the

Confidential Settlement. Archer will hold back the common benefit fees and costs as set forth in Section II(A) & II(B)(1-2), and will not disburse the held-back monies without further order of the Court.

For other cases subject to this order, MDL Plaintiffs' Counsel shall forward the Assessments to Archer Systems to be held until further order of the Court.

### 4. Defendant's Obligations

#### a. General Defendant Obligations

Defendant shall have no obligations to directly fund any Assessment under this Order if the individual plaintiffs' counsel certifies that the individual matter at issue: (i) has been resolved through the Confidential Settlement; (ii) is acknowledged by the individual plaintiffs' counsel to be subject to this Order; or (iii) is excluded from this Order pursuant to Section I(B).

#### b. Defendant's Obligations with Regard to Disputes

For all matters not identified in Section II(B)(3), Defendant and its counsel shall not distribute to any plaintiff or plaintiffs' counsel proceeds from a settlement covered by this Order until the Defendant's counsel notifies retired Magistrate Judge Diane M. Welsh, Co-Lead of the MDL ("Co-Lead Counsel"), State Court Liaison, and the individual plaintiffs' counsel in writing of the existence of a settlement, the name of the plaintiff and individual plaintiffs' counsel, and the court in which the matter was filed (if applicable). Following receipt such notice from Defendant's Counsel, Judge Welsh shall confer with appropriate

counsel as set forth in Section II(B)(5). Defendant and its counsel may distribute covered settlement proceeds to the individual plaintiffs' counsel once the process set forth in Section II(B)(5) is complete.

c. Defendant's Reporting Obligations for Matters Resolved Outside of the Confidential Settlement

Unless otherwise agreed, Defendant's counsel shall provide quarterly notice to the Plaintiffs' Administrative Counsel of all cases from the prior quarter that were resolved outside of the Confidential Settlement and are subject to the Assessment. Such notice shall include the name of the plaintiff and individual plaintiffs' counsel, and docket number (if applicable). The reports will not include the amount of the Assessment or the individual settlement amounts. A report is not due if no matters are subject to the Assessment during that quarter.

**5. Applying the Assessment in Disputed Matters**

Within seven (7) days of receipt of a notice by Defendant as set forth in Section II(B)(3), Judge Welsh shall confer with the Co-Lead Counsel, State Court Liaison and, if necessary, individual plaintiffs' counsel in the disputed matter in an effort to reach a consensus as to whether the case is subject to Assessment. At no time during this process shall the settlement amount be released to Co-Lead Counsel or State Court Liaison.

It is expected that, after this conferral process, in most cases the respective court appointed chairs and the individual plaintiffs' counsel will agree as to whether or not a case

is subject to the Assessment and shall then advise, in writing, Judge Welsh, Defendant's counsel, and the individual plaintiffs' counsel. At that time, if subject to the Assessment, then the individual plaintiffs' counsel shall promptly pay the Assessment directly into the Funds without disclosing the settlement amount, and with a copy to Defendant's counsel, Co-Lead Counsel, and the State Court Liaison of such communication with the Funds.

### 6. Individual Plaintiffs' Counsel Obligations

For cases that are subject to an Assessment as set forth in this Order, but are not included in the Confidential Settlement, the individual plaintiffs' counsel must: (i) provide Defendant's counsel with a certification as set forth in Section II(B)(3); and (ii) promptly pay the Assessment directly into the Funds without disclosing the settlement amount, and with a copy to Defendant's counsel of such communication with the Funds.

### 7. Settlement Administrator's Obligations

For all cases that have elected to participate in the Confidential Settlement, the application and payment of the Assessment shall be processed by the Settlement Administrator (Archer) identified in this Court's November 2, 2018 Order Aiding Private Settlement. Archer shall hold back the Assessments from Confidential Settlements in a Qualified Settlement Account ("QSF") account .

**8. Confidentiality of Individual Settlements**

Details of any individual confidential settlement agreement, including the individual settlement amount, shall be kept confidential by Judge Welsh and the individual plaintiffs' counsel and shall not be disclosed as part of the processes set forth herein.

## III. COMMON BENEFIT EXPENSES

### A. Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, the expenses must meet the requirements of this section. Specifically, in order to be a reimbursable expense, the expense must be: (i) for the common benefit and not for the individual plaintiffs' cases; (ii) appropriately authorized by the PEC, as set forth herein, and timely submitted; (iii) within the defined limitations set forth in this Order; (iv) verified; and (v) approved by the Court. At a later date after the individual settlement funds have been distributed pursuant to the Confidential Settlement Agreement, the SOC shall submit to the court a well-documented request for reimbursement of Qualified Expenses from the Common Benefit Expense Fund.

### B. Expenses Incurred for the Common Benefit

Expenses incurred for the common benefit and not for the individual plaintiffs' cases may be Shared Costs or Held Costs as set forth in this subsection.

## 1. Shared Costs

Shared Costs are costs incurred for the common benefit of the MDL as a whole. Shared Costs are costs that are paid out of the separate Stryker MDL PSC Fund account that has already been established by the PEC and funded by all members of the PEC, PSC and others determined by the PEC and its designation subcommittees. All Shared Costs must be approved by the PEC prior to payment. Shared Costs include: (i) certain court filing and service costs, if the filing and service of the materials were MDL materials, including for bellwether cases, and not those associated with a unique case; (ii) deposition and court reporter costs for non-case specific depositions and other certain bellwether case costs at the discretion of the PEC; (iii) document depository costs, including creation, operation, equipment, and administration, and costs attendant to training; (iv) PEC and PSC administrative expenses (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy, and printing); (v) PEC and PSC group administration matters such as meetings and conference calls; (vi) accountants' fees; (vii) fees and expenses paid to expert witnesses and consultants retained by the MDL to work on behalf of the MDL; (viii) printing, copying, coding, scanning (by approved outside vendors); (ix) research and other work by outside third-party vendors/consultants/attorneys retained by the PEC to assist in the common prosecution and administration of these actions including medical summaries of bellwether cases and claim review; (x) common witness expenses including travel; (xi) translation costs; (xii) bank and financial institution charges; (xiii) investigative services and costs; and (xiv) costs

9

attendant to the settlement process, including mediation fees (JAMS), ethics counsel fees, and insurance.

### 2. Held Costs

Held Costs are those that will be carried by Plaintiffs' Counsel and reimbursed when determined by the PEC and this Court to be authorized costs that are yet unreimbursed. Held Costs are costs incurred for the global benefit of the MDL. Contributions made to the Stryker MDL PSC Fund shall be reimbursable at the conclusion of the litigation or at such time as otherwise may be determined by a majority of the PEC. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all Plaintiffs in general. No specific client-related costs, except for bellwether discovery and trial costs, may be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the categories set forth below shall be considered Held Costs and qualify to be submitted for consideration by the Fee Committee and the Court for future reimbursement from the V40 Common Benefit Expense Fund.

### C.   Authorization and Submission

The forms and records detailing both time and expenses will be subject to periodic review by SOC members Peter J. Flowers and Walter Kelley and Administrative Counsel Ashleigh Raso. Additionally, some expenses and time, as detailed below will require the pre-approval of the above named individuals.

D.    **Expense Limitations**

1.    **Travel Limitations**

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by the PEC and Administrative Counsel, all travel reimbursements are subject to the following limitations:

a.    **Airfare**. Reasonable and appropriate airfare will be reimbursed and is subject to audit and review. Airfare deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed. Only the lowest price available coach airfare at time of booking (at rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights, which require prior written approval by the PEC by writing to Administrative Counsel. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination. If first class is flown and only coach fare is reimbursable, proof of applicable coach fare must be provided.

b.    **Hotel.** Reasonable and appropriate hotel accommodations will be reimbursed, such as prevailing room rates available for Marriott, Hilton, Westin, the hotels most proximate to the courthouse including the Envoy, and similar hotel brands. Hotel accommodations deemed to be excessive or which are not related to an assigned task or judicial requirement will not be reimbursed. Hotel expense submissions must be supported by a hotel issued receipt.

c.    **Meals**. Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal. No expenses related to alcohol charges will be permitted.

d.    **Case Expenses.** Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

e. **Rental Automobiles**. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals are limited to travel pursuant to an assigned or required task related to this litigation.

f. **Mileage.** Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

## 2. Non-Travel Limitations

a. **Long Distance, Conference Call and Cellular Telephone Charges.** Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL litigation. Such charges are to be reported at actual cost.

b. **Shipping, Overnight, Courier, and Delivery Charges.** All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

c. **Postage Charges**. A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

d. **Telefax Charges.** Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge must not exceed $.50 per page.

e. **In-House Photocopy.** A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 10¢ per page for black and white copies and 20¢ per page for color copies.

f. **Computerized Research- Lexis/Westlaw.** Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

E.    **Verification**

The forms detailing expenses must be certified by a member of the PSC in each firm attesting to the accuracy of the submissions. Attorneys must keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

F.    **Costs or Expenses in Excess of Amounts Available in the Expenses Fund**

To the extent the V40 Common Benefit Expense Fund or the V40 Common Benefit Fee Fund are insufficient to appropriately address or reimburse common benefit expenses and time, the Court may equitably apportion the amounts in either fund to the other as is just and appropriate.

IV.    **COMMON BENEFIT WORK**

A.    **Overview of Common Benefit Work**

Only Counsel authorized [hereinafter Authorized Counsel] by the PEC are eligible for reimbursement for time and efforts expended for the common benefit. Authorized Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are (a) for the common benefit, (b) appropriately authorized, as set forth herein, (c) timely submitted, and (d) approved by this Court.

13

**B.** **Common Benefit Work Product Defined**

Common Benefit Work Product includes, but is not limited to drafting and negotiation of form complaints, case questionnaire, plaintiff and defendant fact sheet and written discovery demands, work associated with the Crivella West system/electronic depository, review and document coding, custodial witness summaries, timelines, law and briefing work, materials provided to experts, expert retention, depositions of liability witnesses and generic experts, the deposition cuts that may be used in a case, the trial exhibit preparation, the scientific articles assembled, PSC, PLC, Administrative Counsel and PEC activities, work of lead or liaison counsel in the New Jersey Coordinated Proceedings and any other state court proceeding, and such work is approved in accordance with this order, Discovery, Science and Law Committee work, expert development authorized by the PEC, authorized state and federal court trials, and company and generic expert depositions in state or federal court. Common Benefit Work also includes approved work in negotiating, drafting and implementing any type of aggregate, global settlement or settlement matrix and process in the event such a settlement is reached.

**C.** **Authorization for Compensable Common Benefit Work**

Authorized Common Benefit Work includes assignments made by the PEC. With the exception of the initial Bellwether trial pool, no time spent on developing or processing

purely individual issues in any case for an individual client (claimant) will be considered

or should be submitted, nor will time spend on any unauthorized work be compensated.

### 1.    Common Benefit Work

Examples of authorized common benefit work include but are not limited to:

a. **Depositions:** Authorized Counsel may attend any deposition, space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co-Lead Counsel, the time and expenses will not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients.

b. **Periodic MDL Update Conference Calls or E-mails:** Update calls or e-mails are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls or reading and responding to such emails, are not common benefit work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients. The attorneys designated by the Co-Lead Counsel to run those calls or send out update e-mails are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit. Nothing in this paragraph should be construed to prevent members of the PSC from submitting common benefit time for participation in PSC communications that are germane to all members of the PSC and are necessary to fulfill their PSC obligations.

c. **Status Conferences:** Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work for counsel other than members of the Executive Committee, or PSC if the PSC member handled an issue that is the subject of the status conference. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance

at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by the Co-Lead Counsel to address issues that will be raised at a given status conference or requested by the Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, Co-Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time for evaluation as common benefit time.

d.  **Committee Meetings or Calls:** For purposes of committee phone calls or other meetings, a presumption exists that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the Co-Lead Counsel.

e.  **Identification and Work Up of Experts:** Authorized Counsel are expected to identify experts in consultation with the Co-Lead Counsel. If an Authorized Counsel travels to and retains an expert without the knowledge and approval of the Co-Lead Counsel, that attorney understands that the MDL may not need or use that expert and the attorney's time and expenses may not be eligible for common benefit expenses/work.

f.  **Attendance at Seminars**: Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Co-Lead Counsel and for the benefit of the MDL.

g.  **Document Review:** Only document review specifically authorized by the Co-Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney. If a reviewer elects to review documents that have not been assigned to that attorney by the Co-Lead Counsel for the MDL, that review is not considered common benefit. Counsel will receive periodic reports from the vendor retained to manage the electronic production of computer billing time for depository review. Such Vendor should have the capability to track actual time spent by each attorney reviewing documents. Authorized Counsel should bring any discrepancy to the attention of the Co-Lead Counsel or its designee within thirty (30) days of receipt of the Vendor's report. Failure to timely bring any claimed discrepancy to the attention of the Co-Lead Counsel will result in the compensable

document review time being presumptively deemed that which was electronically logged by Vendor. A Fee Committee at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

h.   **Review of Pleadings and Orders**: All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by the Co-Lead Counsel to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel reviewing those pleadings and orders are doing so for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph should be construed to prevent the Executive Committee, Administrative Counsel and the PSC from submitting common benefit time for reviewing orders of the Court that are germane to all members of the PSC and are necessary for review to fulfill their committee or court appointed obligations.

i.   **Emails:** Time recorded for reviewing emails, and providing non substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

j.   **Review of Discovery Responses:** All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by the Co-Lead Counsel to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel reviewing those discovery responses for their own benefit and the

17

benefit of their own clients, and the review is not considered common benefit.

k.  **Bellwether Trials:** While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of an approved early preference or bellwether trial process in the MDL (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with other provisions of this Agreed Order.

l.  **Paralegal Work:** Work performed by paralegals will be subject to all the same procedures and requirements set forth in this Order as that performed by attorneys.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel must ask the PEC through Administrative Counsel in advance as to whether such time may be compensable or it may not be compensable.

## D.   Time Keeping and Submission of Time Records

All time must be authorized and accurately and contemporaneously maintained. Time must be kept according to these guidelines as noted herein and submitted to Administrative Counsel on the last day of every odd month. Authorized Counsel must keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (i.e. "conducted deposition of Jane Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm must be maintained in tenth-of-an-hour increments.

The following must be noted:

1. All time submissions must be incurred only for work authorized under this agreed Order.

2. All time submissions must be made directly to Administrative Counsel.

3. Individual entries should have a specific task code in accordance with the Litigation Task Definitions associated with the time.

4. All time and expenses are subject to proper and timely submissions every odd month. Beginning February 28, 2019, submissions must be made for all time incurred prior to the entry of this Agreed Order.

5. All expenses submissions must include receipts for all expenses, or if a receipt is not available, an affidavit outlining the details of the expense.

6. Plaintiffs' Lead Counsel in both the MDL and New Jersey will cooperatively share and maintain the data submitted to Administrative Counsel with the PEC. It is therefore essential that every other month, each firm timely submits its records for the preceding period.

7. **Untimely Submissions:** Failure to provide time and expense records on a bi-monthly basis as set forth herein will result in a waiver of same unless a specific extension is granted in writing prior to the due date by co-lead Counsel.

E.    **Distributions of Common Benefit Fees and Expenses**

1.    **Procedure and Forms**

Procedures for time and expenses submissions are provided by Administrative Counsel. Further instruction regarding time and expense submission will be given by Administrative Counsel. Only the form approved by the PEC will be accepted for keeping time.

2.    **Court Approval**

The amounts deposited in the Funds to be created in accordance with this order shall be available for distribution to Authorized Counsel who have performed professional services or incurred expenses for the common benefit at the appropriate time. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. A Fee and Expense Committee may be appointed by the Court at the appropriate time to consider eligible common benefit work and expenses whether performed in federal court or in any of the state court jurisdictions in making its recommendations. The fee and expense committee shall make a recommendation to Judge Talwani regarding distribution of Common Benefit Fees and Costs. Regardless of the recommendation, this Court retains sole jurisdiction and discretion in distributing Common Benefit Fees and Expenses other than the ongoing administrative expenses of Archer which will be scrutinized and approved or disapproved by the SOC on an ongoing basis.

Specifically, such sums shall be distributed only upon order of the Court in MDL 17-2768. This Court retains jurisdiction over any common benefit award and, in furtherance of state-federal cooperation, may receive input from the state court judges. Each Authorized Counsel who does common benefit work has the right to present his or her claim(s) for compensation to the Court prior to recommendation or determination as to distribution.

The Court directs the Clerk to file a copy of this Order in the Master Docket and the Order will apply to each member related case previously transferred to, removed to, or filed in this district. In cases subsequently filed in or transferred to this district and related to this MDL, a copy of the most recent pretrial order, the Order Aiding Private Settlement, and this Order will be filed by the Clerk in each such action at the time the case is related to the MDL. It is the responsibility of counsel and parties to review and abide by this and all pretrial orders previously entered by the Court. The orders may be accessed through PACER, or you can receive a copy by emailing Administrative Counsel at araso@meshbesher.com.

**SO ORDERED** this _1st_ day of _February_, 2019.

_Indira Talwani_

Indira Talwani
United States District Judge

21